**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONAT RICKETTS,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>BERLANTI PRODUCTIONS, FKA Makenna Productions, Inc., a business entity, form unknown; et al.,<br><br>       Defendants-Appellees. | No. 20-55912<br><br>D.C. No. 2:19-cv-03895-DSF-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 7, 2022[**]

Before: D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

Plaintiff Donat Ricketts appeals from the district court's judgment

dismissing his action alleging federal and state law claims arising from alleged

copyright infringement. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Ricketts's copyright infringement claim because Ricketts's copyrighted work at the time of the district court's order and the first two episodes of the defendants' television show, "All American," including its promotional trailers, are not substantially similar under the extrinsic test, and any similarities in the general concepts are unprotected. *See Benay v. Warner Bros. Ent.*, 607 F.3d 620, 624-25 (9th Cir. 2010), *overruled in part on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (setting forth extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue); *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006), *overruled in part on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (substantial similarity may be decided as a matter of law by applying the extrinsic test); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) ("when applying the extrinsic test, a court must filter out and disregard the non-protectible elements in making its substantial similarity determination") (citations omitted).

The district court properly excluded from its consideration Ricketts's work which did not have a copyright registration at the time of its order. *See Fourth Est.*

*Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) ("[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright."). The district court did not err by failing to consider additional episodes of All American where Ricketts did not so request and in fact instructed the district court to consider no other All American materials beyond the first two episodes and certain promotional work.

The district court properly dismissed Ricketts's claims for unjust enrichment/conversion and unfair competition/unfair business acts because they are preempted by the Copyright Act. *See Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006) (setting forth two-part test to determine whether a state law claim is preempted by the Copyright Act); *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) ("To the extent the improper business act complained of is based on copyright infringement, the claim was properly dismissed because it is preempted."). Contrary to Ricketts's contention, the allegation of "reverse passing off" does not exempt his claims from preemption. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003) ("reverse passing off" claims generally involve physical products, and protect "the producer of the tangible goods that are offered for sale, and not [] the author of any idea, concept, or communication embodied in those goods"); *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th

Cir. 1993) (the alleged extra element must change the nature of the action "so that it is *qualitatively* different from a copyright [] infringement claim." (emphasis in original)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied as moot.

**AFFIRMED.**